### GLICK v. WILLIAM HORNE CO.

(Supreme Court, Appellate Term.   June 5, 1908.)

1. CONTRACTS—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action to recover money which plaintiff had deposited as liquidated damages in case he failed to remove some houses under a contract, where defendant set up a counterclaim for expenses incurred in completing the work, which plaintiff failed to do, evidence *held* insufficient to justify the judgment for defendant on his counterclaim.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1819–1823.]

2. DAMAGES—LIQUIDATED DAMAGES—EFFECT OF STIPULATION—LIMITATION OF RECOVERY.

Where plaintiff purchased certain houses from defendant and agreed to remove them, and deposited a sum as security for the removal as agreed, if plaintiff failed to remove the buildings, defendant could only recover the amount deposited, which was in the nature of liquidated damages, and could not recover additional expenses incurred in removing them himself.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 179.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Abraham Glick against the William Horne Company. From a judgment for defendant on a counterclaim, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Engel Bros., for appellant.
George Freifeld, for respondent.

DAYTON, J. On June 25, 1904, the defendant sold to A. Glick and Charles Keim six houses on East Thirty-Third street, Nos. 208–218, inclusive, for $950. By the contract of sale the vendees agreed within 15 days to remove said buildings to one foot below

the curb level; all lumber, brick, and stone to be taken from the premises, and no lath or woodwork of any kind to be left in the rubbish. Glick and Keim under the terms of this contract deposited with· the defendant $100 "as a guaranty that should Glick and Keim fail to carry out this agreement, and it becomes necessary for William Horne to have men to do so, it is to be paid out of the $100 deposited, and the balance, if any, will be returned to Glick ·and Keim." Upon faithful performance the $100 was to be returned. Upon August 4, 1904, the plaintiff, Glick, bought from the defendant the house at 208 East Eightieth street upon a similar contract to wreck the building and remove the rubbish, and in this contract it was provided that:

"The $100 deposited on the Thirty-Third St. job is to be retained by William Horne Co. until this job is completed. and the same conditions to apply to this job as on the Thirty-Third St. job."

The plaintiff brought this action to recover this sum of $100. The defendant alleged that both the contract with plaintiff and the prior contract with plaintiff and Keim had been improperly performed, in that much lath and other rubbish which should have been removed had been left covered with dirt in the cellar at both Thirty-Third and Eightieth streets, and that it was necessary for him to dig over the cellars, excavate, and remove the lath and other rubbish. Wherefore he demanded $250 as a counterclaim for the expense incurred in this work. The only evidence offered as to the cost of this work was given by defendant's foreman, Underhill. He produced a memorandum, which he stated was copied from some pay rolls made while he was in charge of work at the premises on Thirty-Third street. There is only one item mentioned, of $9, which Underhill claims was chargeable to the Eightieth. street job. He was asked by the court:

"What are all these figures here? A. Those are all that was done on the Thirty-Third street and Eightieth street job. The Court: What are these figures? A. That is all the different weeks, you know. They are different times—October 1st, 8th, 15th, 22d, and 29th. The Court: And the aggregate is how much? A. That amounts to $511.46."

He further testified that he was four weeks superintending this work for which plaintiff is sought to be charged, and in all that time only 10 or 12 loads of rubbish were removed from Thirty-Third street. As to Eightieth street he testified that he did not know how many loads were ren.oved. "I am not so familiar with that." There were six houses on Thirty-Third street, and Underhill says he got only 10 or 12 loads of rubbish out of the six. Upon his testimony the defendant at the close of the case was allowed to amend his counterclaim to $500, instead of $250, and the learned trial court rendered a judgment in favor of defendant for $400, evidently subtracting the $100 of plaintiff's demand from the amount of the counterclaim as thus amended.

The evidence, even if admissible, which it was not, was insufficient to justify the judgment. Further, if the learned trial justice believed the defendant's witnesses as against the plaintiff and his three witnesses upon the question of satisfactory performance, the defendant under· his own contract was limited to the retention of the $100

deposited as security, which amount under the contract must be regarded as liquidated damages, and could not set up a counterclaim for damages in excess of that amount; and in addition the defendant appears to have waived any right of recovery upon the Thirty-Third street contract by the transfer of the fund to the Eightieth street contract with Glick alone.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.